UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81029-CANNON/REINHART

PETER TOROCSIK,

                Plaintiff,

v.

PALM BEACH COUNTY and
CITY OF BOYNTON BEACH,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' JOINT MOTION TO DISMISS AND MOTION TO QUASH SERVICE [ECF No. 20][1]**

This is Mr. Torocsik's third attempt to plead his case. ECF No. 11. After his second attempt, (ECF No. 4), the District Court clearly explained what Mr. Torocsik needed to change in order to state a claim and continue the case. ECF No. 6. Because Mr. Torocsik did not make the necessary corrections, the Court now **RECOMMENDS** that Defendants' Joint Motion to Dismiss and Motion to Quash Service (ECF No. 20) be **GRANTED IN PART AND DENIED IN PART**. Mr. Torocsik's Second Amended Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. Defendants' request to quash service of process, however, should be **DENIED**.

---

[1] This motion was referred to the undersigned by the Honorable Aileen M. Cannon, United States District Judge, for a Report and Recommendation. ECF No. 37.

## BACKGROUND

Mr. Torocsik filed his first Complaint on July 12, 2023, against Palm Beach County (the "County") and the City of Boynton Beach (the "City"). ECF No. 1. The original Complaint had very few details, and he filed a longer Amended Complaint the following day. ECF No. 4. In his Amended Complaint, Mr. Torocsik claimed that (1) the County had a "bribe" and "bid tampering" scheme to grant selective permits to sell alcohol; (2) he reported that scheme to the State of Florida; and then (3) both the County and the City retaliated against him by shutting down his businesses. *Id.* at 2–10. Mr. Torocsik claimed that the retaliation was a violation of the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"). *Id.* He did not, however, say which of his rights were violated.

The District Court reviewed the Amended Complaint and dismissed it without prejudice for failing to state a claim. ECF No. 6. In its Order, the Court gave Mr. Torocsik instructions on how to fix the deficiencies in his Amended Complaint and warned that Mr. Torocsik's Second Amended Complaint would be his "**final opportunity to plead his claim(s)**." *Id.* at 4 (emphasis in original).

On October 11, 2023, Mr. Torocsik filed his Second Amended Complaint. ECF No. 11. Mr. Torocsik now includes six claims under Section 1983: (1) the County violated his right to freedom of speech; (2) the County violated a "constitutional right" by retaliating against him; (3) the County violated his right to equal opportunity to conduct his business; (4) the County and the City conspired against him; (5) the County violated his right to equal opportunity by "bid tampering"; and (6) the County

2

and the City both violated public records laws. *Id.* at 2–5. In total, Mr. Torocsik seeks $650,000 in monetary damages from the County and $350,000 in monetary damages from the City. *Id.* at 5.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) says a complaint states a claim for relief only if it "contain[s] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party attacks the sufficiency of the pleading by filing a motion to dismiss under Rule 12(b)(6). In resolving that challenge, the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). In sum, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570).

One way to violate Rule 8 is to file a so-called shotgun pleading, which is a complaint that "fail[s] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has repeatedly instructed lower courts to dismiss shotgun pleadings. *See Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "[T]he Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.*, No. 14-cv-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014). The Court cannot simply "fill in the blanks" to state a claim, and "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Id.* (citations omitted); *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888-T-33TBM, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013) ("This Court is not duty-bound to scrutinize [plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support."); *accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (The Court will not act "like [a] pig, hunting for truffles.").

Similarly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the Court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 910 (11th Cir. 2020) (citations omitted).

**DISCUSSION**

Defendants move to dismiss Plaintiff's Second Amended Complaint for two reasons: (1) pursuant to Rule 12(b)(6), the Second Amended Complaint fails to state a claim upon which relief can be granted; and (2) pursuant to Rule 12(b)(5), Plaintiff did not properly serve Defendants with process. ECF No. 20.

**I.    Failure to State a Claim**

To state a claim under Section 1983, a plaintiff must plausibly allege that he was deprived of a federal right "by a person acting under color of state law." *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997); *see* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."); *Skinner v. City of Mia., Fla.,* 62 F.3d 344, 347 (11th Cir. 1995).

Defendants argue that the Second Amended Complaint fails to state a claim because it contains only conclusions and no facts. ECF No. 20 at 4–6. Because there are no specific facts, Defendants argue that they cannot properly defend themselves because they do not know what Mr. Torocsik is claiming each of them did or failed to do. *Id.* at 5. Additionally, Defendants note that Mr. Torocsik did not say which employees were involved in the "scheme" and did not show why the County and the City should be held liable for the actions of those employees. *Id.* at 5–6. In response,

5

Mr. Torocsik simply says that the Second Amended Complaint has enough facts to state a claim. ECF No. 32 at 2–3.

While the Court is mindful that Mr. Torocsik is proceeding *pro se* in this action, it also notes that he has failed to state a claim under Section 1983 twice already. The Second Amended Complaint was his third, and final, opportunity to get it right—and, for the reasons explained below, he did not.

In dismissing his Amended Complaint, the Court explained to Mr. Torocsik that his next complaint must (1) "indicate with specificity what federal right or rights [he] seeks to vindicate"; (2) "clearly set forth the allegations supporting each claim for relief"; (3) "separate each cause of action or claim for relief into a different count"; and (4) "clearly and specifically identify which defendant is responsible for which acts or omissions." ECF No. 6 at 4. He did not follow the Court's instructions.

First, the Court ordered Mr. Torocsik to "indicate with specificity what federal right or rights [he] seeks to vindicate." *Id.* Mr. Torocsik largely failed to do so in his Second Amended Complaint. Counts 2, 4, and 6 do not specify *any* federal right that could have been violated; and Counts 3 and 5 refer vaguely to a right of "equal opportunity" to conduct business. *See* ECF No. 11 at 2–4. Count 1 contains the only constitutional right that could have been violated, namely, the First Amendment right to free speech. *Id.* at 2.

Second, the Court ordered Mr. Torocsik to "clearly set forth the allegations supporting each claim for relief." ECF No. 6 at 4. In all counts, Mr. Torocsik failed to do so. Indeed, the Second Amended Complaint contains even less specificity than the

6

previous Amended Complaint. Each of Mr. Torocsik's claims is supported by a few conclusory statements that do not contain times, places, actors, or details regarding the activities at issue. For instance, in support of Count 2 for "retaliation," Mr. Torocsik alleges only: "[The County] violated Plaintiff constitutional right on ground of retaliation when systematically and deliberately committed Bid Tampering in order to support contra selective evaluation result"[2] and "the second cause of action is relating Defendant 1' multiple bid tampering to reed off Plaintiff, 'The Traitor.'" ECF No. 11 at 2, 4. The Second Amended Complaint does not explain how any alleged bid tampering occurred, who was involved, or how such action would affect Plaintiff's rights. Without more, Defendants are unable to adequately defend themselves in this action. *See Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Third, the Court ordered Mr. Torocsik to "separate each cause of action or claim for relief into a different count." ECF No. 6 at 4. On this point, Mr. Torocsik made some improvement. The Second Amended Complaint does separate each count into headings, but each heading is found twice in the Second Amended Complaint. *See, e.g.,* ECF No. 11 at 2 ("First Cause of Action"), 4 ("The First Cause of Action"). Below each heading is a few conclusory paragraphs (in some instances a single sentence),

---

[2] The Second Amended Complaint is quoted verbatim herein, with typographical and grammatical errors found in the original statements.

and Mr. Torocsik does not say what damages he is seeking in each count. *See generally* ECF No. 11.

Fourth, the Court ordered Mr. Torocsik to "clearly and specifically identify which defendant is responsible for which acts or omissions." ECF No. 6 at 4. Mr. Torocsik again failed to do so. For instance, Count 4 initially seems to implicate both Defendants ("Conspiracy between Defendants to punish Plaintiff more . . .") and later narrows the actions to only the County ("The Fourth Cause of Action is relating to Defendant 1' [the County] effort to hit on Plaintiff more . . ."). ECF No. 11 at 2, 4. Similarly, Count 6 repeatedly refers to "Defendant" or "Defendants" without specifying which of two Defendants is performing the act. *See id.* at 3 ("Defendant acted in bad faith . . ."); ("Defendants did not even answer following practices of PBC State Attorney Office who remained silent . . .").

Additionally, a Section 1983 claim must be asserted against "a *person* acting under color of state law." 42 U.S.C. § 1983 (emphasis added). Mr. Torocsik has not identified any person who could have violated his rights, nor any facts that would support vicarious liability for the County and City. For instance, Mr. Torocsik says that the County fired "the permitting employees," without stating who such employees were, or what those employees did or failed to do. ECF No. 11 at 4. Indeed, the only named individuals in the allegations are included in Count 4: "Plaintiff looked for and fund partner in COBB administration: James Cherof City Attorney, Lori LaVierire City Manager and Krieestina Pinto Procurement Director. The 'Hitmen' became partnering with Defendant 1 [the County]." *Id.* These individuals

8

are mentioned only once in the Second Amended Complaint and there are no acts or omissions attributed to any of them.

As such, the Court finds that the Second Amended Complaint is a shotgun pleading that fails to state a claim upon which relief can be granted. Because the Court previously warned Mr. Torocsik that he would have one final opportunity to plead his case, and this was that opportunity, the Second Amended Complaint should be dismissed with prejudice.

## II.     Insufficient Service of Process

Defendants additionally seek an order quashing service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Defendants argue that the process served was not signed and dated as required by section 48.031(5) of the Florida Statutes. ECF No. 20 at 3. In support of their request, Defendants attached an affidavit from a Legal Secretary for the County, and an affidavit from the Legal Services Administrator of the City, both stating that the documents served on Defendants, including the Second Amended Complaint, did not contain the date of service, time of service, or identification of the process server. ECF Nos. 20-1 at 2; 20-2 at 2. In response, Mr. Torocsik says that service was proper, as both the County and the City signed and accepted the service of process, and he "relied [on a] licensed company to serve Defendants [in a] legitimate manner," and "paid for the invoice" for the service of process. ECF No. 32 at 3.

The Federal Rules of Civil Procedure allow a defendant to move for dismissal based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 4 provides that

a state or local government organization must be served by "delivering a copy of the summons and of the complaint to its chief executive officer;" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Mr. Torocsik here chose the latter, and thus service was governed by the Florida Statutes. Defendants challenge only that the process server failed to "place, on the first page only of at least one of the processes served, the date and time of service, his or her initials or signature, and, if applicable, his or her identification number," as required by Section 48.031 of the Florida Statutes. ECF No. 20 at 3.

The Court finds that, based on the record, service was sufficient. Mr. Torocsik hired a process server who, by admission of Defendants, served the proper employees of the County and the City. *See* ECF Nos. 16; 17; 20-1 at 1 ("I am authorized to accept service of process on behalf of the County."); 20-2 at 1 ("I am authorized to accept service of process on behalf of the City."). Mr. Torocsik filed a Return of Service for each Defendant, which was signed, dated, and contained the requisite identification information. ECF Nos. 16; 17; 20-1 at 87; 20-2 at 87. Each Return of Service was also filed as an attachment to the respective affidavit for each Defendant. *See* ECF Nos. 20-1 at 87; 20-2 at 87. Defendants promptly appeared in the action and responded to the Second Amended Complaint 15 days after service. *See* ECF Nos. 18–20. As such, the Court finds no reason to quash the service of process on the Defendants.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the Joint Motion to Dismiss the Second Amended Complaint and Motion to Quash Service, ECF No. 20, be **GRANTED IN PART AND DENIED IN PART**. The Second Amended Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim. Defendants' request to quash service of process, however, should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 15th day of March, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE